IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TED HAMILTON                                                                                    PLAINTIFF

v.                          Civil No. 4:13-cv-04038

JAMES SINGLETON; JOAN
MCCLEAN; JOHNNY GODBOLT;
and STEPHEN GLOVER                                                                      DEFENDANTS

**ORDER**

Plaintiff Ted Hamilton proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Corrections Wrightsville Unit in Wrightsville, Arkansas. Currently before the Court is Plaintiff's Motion for Preliminary Injunction. ECF No. 15. Defendants responded. ECF No. 25. Plaintiff replied. ECF No. 28. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 36. Pursuant to this authority, the Court finds this Motions ready for decision and issues this Order.

**I.      BACKGROUND**

Plaintiff filed his Complaint on April 10, 2013. ECF No. 1. The events complained of in Plaintiff's Complaint occurred while he was incarcerated at the Hempstead County Detention Center ("HCDC"), however, Plaintiff was already incarcerated in the Arkansas Department of Corrections Wrightsville Unit ("ADC") when he filed his Complaint in April 2013. Plaintiff remains incarcerated in the ADC at this time.

In his Complaint, Plaintiff alleges Defendants were deliberately indifferent to his medical

1

needs by denying and delaying his access to medical treatment for a broken hand and "thumb capsular ligament tear." ECF No. 1, p. 4. Specifically, Plaintiff alleges he injured his hand and thumb on the evening of March 26, 2012 by falling off the top bunk. ECF No. 1, p. 5. Plaintiff was given an ice pack and pain pills and taken to the emergency room that same night. ECF No. 1, p. 5. Plaintiff's hand was x-rayed and splinted at the emergency room and he was sent back to the HCDC. ECF No. 1, p. 5.

On March 28, 2012, Plaintiff filed an inmate medical request seeking an appointment with a "hand doctor" and explaining he was still in pain. ECF No. 5, p. 6. On April 5, 2012, Plaintiff filed another inmate medical request regarding the pain in his hand and thumb. ECF No. 1, p. 6. Plaintiff was seen by Defendant McClean[1] on April 7, 2012 and he was informed at this time that Defendant McClean would make him an appointment but needed to get Defendant Godbolt and Singleton's approval first. ECF No. 1, p. 6.

On April 12, 2012, Plaintiff filed another inmate medical request regarding the pain in his hand and thumb. ECF No. 1, p. 6. On April 14, 2012, Plaintiff saw Defendant McClean again and she informed Plaintiff he had an appointment with an orthopedic surgeon on April 19, 2012. ECF No. 1, p. 6. On April 19, 2012, Plaintiff was transported to his appointment with the orthopedic surgeon. ECF No. 1, p. 7. Plaintiff claims the orthopedic surgeon attempted to put his thumb back "in position" but was unable to do so. Further, Plaintiff claims that the orthopedic surgeon stated: because the HCDC waited so long to bring Plaintiff in, he would need surgery to repair his hand and thumb. ECF No. 1, p. 7.

On April 26, 2012, Plaintiff filed an inmate medical request again complaining about the pain

---

[1] Defendant McClean is either the resident nurse or nurse practitioner at the HCDC.

2

in his hand and thumb and requesting the surgery recommended by the orthopedic surgeon. ECF No. 1, p. 7. On April 30, 2012, Plaintiff was released from the HCDC with a leg monitor. Plaintiff's hand surgery was scheduled for May 1, 2012. ECF No. 1, p. 8. When Plaintiff called the orthopedic surgeon's officer to get details on his surgery he was informed the HCDC was no longer paying for his surgery and the surgery center would require a payment of $2,000 from Plaintiff prior to the surgery the next morning. Plaintiff was unable to pay this amount so he did not have the surgery. Plaintiff has never had the surgery and claims he now has a permanent disability because he no longer has full range of movement in his "hand thumb joint." ECF No. 1, p. 9.

Plaintiff requests the Court grant him an injunction ordering Defendants to arrange for Plaintiff to have his hand surgery and physical therapy and also for compensatory damages against Defendants. ECF No. 1, p. 11.

## II.     APPLICABLE LAW

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); see also *Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997);

*Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are: (1) the probability that plaintiff will succeed on the merits and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). "A claim for equitable relief is moot absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999) (internal quotations omitted).

The burden of proving a preliminary injunction is warranted rest on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). Additionally, if a prisoner is no longer subject to the conditions he complains of in his Complaint and Motion, his claim for injunctive relief is moot. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. DISCUSSION

In his Motion for Preliminary Injunction Plaintiff sets forth the same facts as alleged in his Complaint. ECF No. 15, pp.2-6. Plaintiff then argues that he is threatened with irreparable harm because "without the recommend surgery from [the orthopedic surgeon] . . . [and] because of the Delay and Denial of needed medical treatment and the nature of plaintiff injury, a broken hand and thumb with loss of movement. and function. If Plaintiff does not receive the proper recommend

4

surgery, he may never use his hand and Thumb proper or normally again." ECF No. 15, p. 8 (errors in original). Plaintiff also alleges in his Reply, that he is currently receiving Tylenol and an ace bandage for his hand while incarcerated at the ADC. ECF No. 28, p. 2.

Plaintiff also argues the balance of hardships are in his favor. Specifically, Plaintiff argues that the potential suffering of his permanent disability and present suffering are more of a hardship than Defendants would suffer if they were required to pay for his hand surgery. Plaintiff asserts that paying for his hand surgery is nothing more than "business as usual" for Defendants. ECF No. 15, p.9.

Additionally, Plaintiff argues he is likely to succeed on the merits in this matter because Defendants denied and delayed his access to medical treatment and then intentionally interfered with medical treatment once it was prescribed.

Lastly, Plaintiff argues that the relief he seeks is in the public interests because "it is always in the public interest for jail and prison officials to obey the law, especially the constitution. ECF No. 15, p. 11.

Defendants argued in their Response that Plaintiff is not entitled to a preliminary injunction against Defendants because (1) he is no longer incarcerated in the HCDC under the control of the Defendants; and (2) he has failed to establish that he is currently at any immediate risk of irreparable harm if he does not receive the requested medical treatment. ECF No. 25.[2]

Plaintiff's release from the HCDC renders his Motion moot. *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997) (release from the institution in which the injunctive relief is sought

---

[2] The Court notes that Defendants did not cite to any law to support the arguments in their Response. Therefore, any legal analysis contained herein is the result of the Court's own research and application without the benefit of legal analysis or arguments from Defendants.

against moots the request for injunctive relief).

Furthermore, Plaintiff no longer has standing to seek injunctive relief against Defendants when Plaintiff is no longer incarcerated in the HCDC. "Standing to seek injunctive relief requires a plaintiff, inter alia, to show a likelihood of a future injury." *Meuir v. Green County Jail Employees*, 487 F.3d 115, 1119 (8th Cir. 2007) (holding that a prisoner, that changed custodial placement from the county jail to the state penitentiary, lacks standing to seek injunctive relief against the county facilities dental treatment policies).

Here, Plaintiff suffered his injury while incarcerated in the HCDC. Additionally, all of Plaintiff's claims of delay and denial of medical care relate to his time at the HCDC. Further, Plaintiff alleges that he was told in April 2012, while still incarcerated in the HCDC, that his hand and thumb had already healed incorrectly. Finally, when Plaintiff filed this case he had already been transferred to the ADC and remains incarcerated in that facility today. Plaintiff makes no complaints as to how the ADC is treating his hand and thumb injury. Accordingly, Plaintiff lacks standing for injunctive relief against the HCDC. *Id.*

Lastly, a preliminary injunction is meant to maintain the status quo and prevent irreparable harm until the Court has an opportunity to rule on the merits of a lawsuit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Here, Plaintiff claims that if he does not receive the requested injunctive relief he may never be able to use his hand normally again. Plaintiff, however, alleged in his Complaint and Motion for Preliminary Injunction that he was told in April 2012, prior to filing this lawsuit, that his hand and thumb were healed incorrectly. Additionally, Plaintiff makes no complaints regarding the current treatment he is receiving for his hand and thumb at the ADC. Accordingly, the Court finds any alleged threat of harm from the hand injury has already occurred

and there is no immediate threat that the plaintiff will be wronged again concerning his hand and thumb injury. *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999).

For the forgoing reasons, Plaintiff's Motion for Preliminary Injunction (ECF No. 15) is **DENIED**.

**IT IS SO ORDERED**, this **28th day of March 2014**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE