IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TED HAMILTON                                                                                       PLAINTIFF

v.                            Civil No. 4:13-cv-4038

JAMES SINGLETON; JOAN
MCCLEAN; JOHNNY GODBOLT;
and STEPHEN GLOVER                                                                            DEFENDANTS

**O R D E R**

Before the Court is Plaintiff's Motion for an Order to Enter Default Judgment on the Defendants for Failure to Respond or Defend Plaintiff's Motion for Summary Judgment (ECF No. 42). The Defendants did not respond. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 36. Pursuant to this authority, the Court finds this Motion ready for decision and issues this Order.

In his Motion, Plaintiff moves the Court to enter a default judgment against Defendants because they failed to respond to Plaintiff's Motion for Summary Judgment. Plaintiff also asks the Court to grant his Motion for Summary Judgment.

Pursuant to Federal Rule of Civil Procedure 55: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of a default under Rule 55(a) must proceed the grant of a default judgment under Rule 55(b). *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th

Cir. 1998). It is within the discretion of the Court to determine whether a default judgment should be entered against a party under Rule 55(b). *See Ackra,* 86 F.3d at 856. Entry of default judgment, however, is not favored and "should be a rare judicial act." *In re Jones Truck Lines, Inc.,* 63 F.3d 685, 688 (8th Cir. 1995) (internal quotations and citations omitted). When a default judgment is sought for a party's failure to defend, the Court must consider whether the party's actions were "willful violations of court rules, contumacious conduct, or intentional delays." *Ackra,* 86 F.3d at 856 (internal quotations and citations omitted). "[D]efault judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Id.*

On June 7, 2013, the Court granted Defendants an extension to respond to Plaintiff's Motion for Summary Judgment. This Order provided Defendants until August 5, 2013 to file a response. ECF No. 27.

On August 5, 2013, Defendants filed a "Response to Plaintiff's Statement of Facts (Doc. 23)." ECF No. 37. This Response is to the document Plaintiff titles "Declaration in Support of Plaintiff's Motion for Summary Judgment." Simultaneously with this Response, Defendants filed their own Motion for Summary Judgment, Statement of Facts, and Memorandum Brief. ECF Nos. 38-40.

The Court construes Defendants' Response to Plaintiff's Statement of Facts along with their Motion for Summary Judgment as a response to Plaintiff's Motion for Summary Judgment. Additionally, these documents were timely filed in compliance with the Court's June 7, 2013 extension Order.

Accordingly, the Court will consider Defendants' Response and rule on Plaintiff's Motion for Summary Judgment on the merits. Plaintiff's Motion for an Order to Enter Default Judgment

on the Defendants for Failure to Respond or Defend Plaintiff's Motion for Summary Judgment (ECF No. 42) is **DENIED.**

    **IT IS SO ORDERED** this **28th day of March 2014**.

                                            /s/ Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            UNITED STATES MAGISTRATE JUDGE