IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TED HAMILTON                                                                                       PLAINTIFF

v.                                    Civil No. 4:13-cv-04038-BAB

JAMES SINGLETON                                                                              DEFENDANTS

**ORDER**

Before the Court are Plaintiff's Second Motion for Hearing (ECF No. 82), Motion for Reconsideration (ECF No. 86) and Motion for Reconsideration of Denial of Appointment of Counsel (ECF No. 87). Also before the Court is Defendant's Motion for Reconsideration. ECF No. 85. The parties have consented to the jurisdiction of a Magistrate Judge in this case. ECF No. 36. The Motions are ripe for consideration.

1. **BACKGROUND**

On March 5, 2015, this Court granted in part and denied in part Defendant's motion for Summary Judgment. ECF No. 83. Specifically, the Court held Defendant had no duty to provide for medical care for Plaintiff, after he was released from custody. However, the Court determined there were factual issues remaining to be determined regarding Plaintiff's claim relating to Defendant Singleton's action in releasing him rather than paying for his surgery. I held this claim will proceed to trial before a jury. Both parties now ask for reconsideration of that Order.

2. **DISCUSSION**

a. <u>Plaintiff's Second Motion for Hearing (ECF No. 82)</u>: Subsequent to the filing of this motion, the Court ruled on the pending motions for summary judgement, no hearing is required. Plaintiff's Second Motion for Hearing (ECF No. 82) is therefore **DENIED**.

b. <u>Motions for Reconsideration (ECF No. 85 and 86)</u>: Both Plaintiff and Defendant seek reconsideration of the Court's order granting in part and denying in part Defendants Motion for Summary Judgment.  Defendant Singleton asserts "it is not clear how the Defendant can simultaneously have no duty to provide medical care for the Plaintiff after his release from custody yet still potentially be found to have been deliberately indifferent to the Plaintiff's medical needs by releasing the Plaintiff from custody prior to his surgery."  ECF No. 85, ¶ 3.  Plaintiff argues he should have been granted judgment against Defendants in this matter.  ECF No. 86.

As set out in the Court's March 5, 2015 Order, Plaintiff has two distinct claims remaining against Defendant Singleton.  First, Plaintiff claims Defendant Singleton violated Plaintiff's constitutional rights by releasing him in an effort to avoid paying for Plaintiff's hand surgery.  Second, Plaintiff claims Defendant Singleton violated Plaintiff's constitutional rights by refusing to pay for Plaintiff's hand surgery once he was released.  It is clear there is no duty on the part of a state actor to pay for medical care for a person not in state custody.  Accordingly, Plaintiff's second claim was properly dismissed.

However, Plaintiff's first claim is much less clear on both the facts and the law.  Defendant Singleton does not dispute he released Plaintiff, at least in part, in order to avoid Plaintiff's impending medical costs. From the summary judgment evidence presented it is unclear whether the hand surgery was necessary or merely a recommended or elective course of action as evidenced by the fact Plaintiff still has not received the hand surgery.  Further, it is unclear whether Defendant Singleton denying the surgery and instead releasing Plaintiff ignored a substantial risk of harm towards Plaintiff.  Therefore, based on the summary judgment record, I found issues of fact remain as to whether Defendant Singleton violated Plaintiff's rights by releasing him in an effort to avoid

the costs of his hand surgery. Further as I noted in the March 5, 2015 Order, the law regarding this type claim is not settled in this Circuit. A jury trial will fully develop the factual record to allow full appellate review of the issue presented, namely, whether a state actor violates an inmate's constitutional rights by releasing the inmate from incarceration solely for the purpose of avoiding impending medical expenses. Both Plaintiff's Motion for Reconsideration (ECF No.86) and Defendant's Motion for Reconsideration (ECF No.85) are **DENIED.**

   c. <u>Plaintiff's Motion for Reconsideration of Motion to Appoint Counsel (ECF No. 87)</u>: For the reasons originally given (ECF No. 48 and Text Order dated January 28, 2015) the Plaintiff's Motion for Reconsideration of Motion to Appoint Counsel (ECF No. 87) is **DENIED**. The Court will review this issue at the time it sets a date for the Jury Trial in this matter.

   **IT IS SO ORDERED** this 14th day of April 2015.

              /s/ Barry A. Bryant
              HON. BARRY A. BRYANT
              UNITED STATES MAGISTRATE JUDGE