IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TED HAMILTON                     PLAINTIFF

  v.          Civil No. 4:13-cv-04038

JAMES SINGLETON                  DEFENDANTS

## ORDER

  Plaintiff Ted Hamilton proceeded in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court are: (1) Plaintiff's Motion for New Trial (ECF No. 141), Supplement (ECF No. 143); (2) Plaintiff's Motion for Judgment as a Matter of Law (ECF No. 144); (3) Plaintiff's Motion for Ruling on Post Judgment Motions (ECF No. 161); (4) Plaintiff's Motion for Consideration of Plaintiff's Motion on Renewed Motion for Judgment as a Matter of Law (ECF No. 162); and (5) Plaintiff's Motion for Ruling on Post-Judgment Motions (ECF No. 164). The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting all post-judgment proceedings. ECF No. 36. Pursuant to this authority, the Court finds these Motions ready for decision and issues this Order.

1.  **BACKGROUND**

  Plaintiff filed his Complaint on April 10, 2013. ECF No. 1. The record indicates Plaintiff injured his hand while incarcerated at the Hempstead County Detention Center ("HCDC"). Plaintiff received treatment for his hand while incarcerated at the HCDC including a visit with an orthopedic surgeon. This surgeon recommended surgery for Plaintiff's hand and scheduled the surgery for May 1, 2012. Defendant Singleton authorized Plaintiff's release from the HCDC, with

a leg monitor, on April 30, 2012. Defendant Singleton subsequently refused to pay for Plaintiff's hand surgery scheduled for May 1, 2012.

Plaintiff alleged Defendant James Singleton was deliberately indifferent to his medical needs by releasing Plaintiff with a leg monitor after an orthopedic surgeon advised he would need hand surgery. In addition, Plaintiff claimed Defendant released him in an effort to avoid paying for the surgery which violated his constitutional rights.

A jury trial was held on September 29, 2015 resulting in a verdict in favor of the Defendant. A Final Judgment was entered dismissing Plaintiff's Complaint with prejudice with no award of damages closing the case with all pending motions considered moot. ECF No. 137.

## 2. LEGAL STANDARD

Under Rule 59, a motion for a new trial should be granted only if the jury's verdict was "against the great weight of the evidence so as to constitute a miscarriage of justice". *Hicks v. Arkansas Dept. of Health and Human Services,* 2006 WL 3313663; *Mathieu v. Gopher News Co.,* 273 F.3d 769, 784-85 (8th Cir. 2001). A miscarriage of justice occurs when there is insufficient evidence to support the verdict. *Douglas County Bank & Trust Co. v. United Fin. Inc.,* 207 F. 3d 473, 478 (8th Cir. 2000). While the district court has discretion to grant or deny a new trial based on its reading of the evidence, it cannot usurp the functions of the jury. *Beckman v. Mayo Found.,* 804 F.2d 435, 439 (8th Cir. 1986). Thus, "courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Fireman's Fund Ins. Co. v. Aalco Wrecking Co. Inc.,*466 F.2d 179, 186 (8th Cir. 1972) (quoting *Tennant v. Peoria & Pekin Union Ry.,* 321 U.S. 29, 35, 64 S. Ct. 409, 412, 88 L.Ed. 540 (1944).

**3.     DISCUSSION**

Plaintiff now argues that the Jury's verdict was against the weight of the evidence. ECF Nos. 141 and 144. These motions simply restate arguments presented in the original complaint which were thoroughly addressed during the trial of this case. At trial, the Plaintiff testified and presented evidence as did the Defendants. There was ample evidence to support the Jury's verdict in this case. Accordingly, Plaintiff fails to present anything to support relief under Rule 59.

**4.     CONCLUSION**

For the reasons stated above, Plaintiff's Motion for New Trial (ECF No. 141) is **DENIED**; Plaintiff's Motion for Judgment as a Matter of Law (ECF No. 144) is **DENIED;** Plaintiff's Motion for Ruling on Post Judgment Motions (ECF No. 161), Plaintiff's Motion for Consideration of Plaintiff's Motion on Renewed Motion for Judgment as a Matter of Law (ECF No. 162) and Plaintiff's Motion for Ruling on Post-Judgment Motions (ECF No. 164) are **DENIED** as moot.

DATED this 2nd day of March 2016.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE